UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TANESHA A. TURNER, | |
| **Plaintiff,** | |
| v. | No. 2:25 CV 551 |
| 3526-28 E 9TH AVE TRUST, *et al.*, | |
| **Defendants.** | |

## OPINION and ORDER

Tanesha A. Turner, who is proceeding in this case *in forma pauperis* and without a lawyer, filed a lawsuit claiming that she was subjected to violations of federal and Indiana state law when she sought housing assistance in 2020 and was subjected to eviction proceedings thereafter. (DE # 1.) Three defendants have moved to dismiss the claims against them. (DE ## 19, 23.) The court now grants the motions, though plaintiff will be permitted an opportunity to amend her complaint, in part.

### I.     BACKGROUND

In 2020, plaintiff left Champaign, Illinois, after an incident of domestic violence involving her former partner. (DE # 1 at 5.) Plaintiff relocated to Gary, Indiana, and sought housing assistance from Continuum of Care Network of Northwest Indiana ("CoC"). (*Id.*) Plaintiff alleges that William Gillespie and CoC's director, Dr. Sharron Liggins, were responsible for plaintiff's case management. (*Id.* at 4.) Plaintiff alleges that CoC failed to provide housing search assistance. (*Id.*)

1

Plaintiff claims that she independently contacted landlord Penny Papadatos about housing at 3524 E. 9th Avenue. (*Id.* at 5-6.) According to plaintiff, the unit was unsafe, but Gillespie did not accompany plaintiff to walk-through inspections, so the unit passed inspection anyway. (*Id.* at 5.) After plaintiff moved into the unit in 2020, she reported numerous problems including broken doors, damaged frames, unsafe locks, missing smoke detectors, leaks, etc., though it is not clear to whom she made these reports. (*Id.* at 6.) Plaintiff claims that in August of 2020, CoC ceased rental assistance without written notice. (*Id.*)

Plaintiff claims that on January 6, 2021, Papadatos commenced eviction proceedings against her. (*Id.* at 7.) Plaintiff obtained rental assistance, and eviction proceedings were dismissed. (*Id.*) In February 2021, plaintiff alleges that she again endured domestic violence in the form of stalking and break-ins. (*Id.* at 8.) In April 2021, the property was apparently sold. (*Id.* at 7.) Plaintiff claims that landlord authority changed to DePaoli in May 2021. (*Id.*)

In February 2022, plaintiff's former partner again broke into her home. (*Id.* at 8.) Plaintiff claims she was wrongfully arrested while attempting to file a police report, and damage occurred to her unit while she was incarcerated. (*Id.*) DePaoli agreed not to pursue recovery for the damage if plaintiff vacated the unit by February 28, 2022. (*Id.*) Plaintiff alleges that she vacated the unit on March 9, 2022, but eviction proceedings were still filed against her by the property owner in December 2022 in Gary City Court.

(DE # 21 at 3; DE # 20-1 at 1.)[1] After an eviction hearing, an order of ejectment was entered against plaintiff. (DE # 20-1 at 1.) The state court ordered plaintiff to pay damages in the amount of $5,500.00. (*Id.*) Plaintiff did not appeal. (*See id.*)

Plaintiff has now filed suit in this federal court against DePaoli, Papadatos, CoC, Gillespie, and Liggens, along with numerous other entities that plaintiff claimed had some involvement with or interest in the property. (DE # 1.) She alleges that defendants violated her federal rights under the Fair Housing Act, 42 U.S.C. §§ 3617, 3404(b), and the Violence Against Women Act, 34 U.S.C. §12491. (*Id.* at 10.) Plaintiff further asserts claims under Indiana state law for fraud, fraudulent concealment, breach of habitability, negligence, retaliatory eviction, wrongful eviction and abuse of process, constructive eviction, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq.* (*Id.* at 11-12.)

DePaoli filed a motion to dismiss based on, amongst other things, lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). (DE # 19.) CoC and Liggins moved to dismiss on similar grounds. (DE # 23.) The court considers the arguments for dismissal not only as to the claims against the moving defendants, but as to the claims against all similarly situated

---

[1] The court may take judicial notice of matters of public record in the context of motions to dismiss, even if such matters are not part of the pleadings. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

defendants, even if each defendant did not move to dismiss on the specific grounds employed by the court in this opinion, or did not file a motion to dismiss at all. *Rosser v. Chrysler Corp.,* 864 F.2d 1299 (7th Cir. 1988); *Huang v. Shiu,* 124 F.R.D. 175, 178 (N.D. Ill. 1988) (district court may *sua sponte* dismiss action as to non-moving defendants who are in a position similar to that of moving defendants). Determining the viability of all possible claims against all possible defendants is particularly important in an *in forma pauperis* case like this one, as the statute governing such proceedings requires a court to dismiss claims "at any time" if the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(b)(e).

## II.    DISCUSSION

The court begins by noting that plaintiff depends on Sections 1331 and 1343 of Title 28 of the United States Code to establish the court's subject-matter jurisdiction over this case. (DE # 1 at 3.) These statutes allow a matter to be brought in federal court when the case depends on federal law (Section 1331) or involves enforcement of civil rights (Section 1343). As the vast majority of plaintiff's claims arise under Indiana state law, subject-matter jurisdiction over this case can only be established in this forum if plaintiff's federal claims – specifically, plaintiff's FHA discrimination and retaliation claims – are viable.[2] As explained in Part A and B below, plaintiff's FHA claims fail under Rules 12(b)(1) and 12(b)(6). In Part C, the court relinquishes jurisdiction over the

---

[2] Plaintiff also attempts to sue under the Violence Against Women Act, 32 U.S.C. § 12491, but this statute does not provide for a private right of action against the defendants in this case. *United States v. Morrison,* 529 U.S. 598 (2000).

4

state law claims. Nevertheless, plaintiff will be permitted to amend the complaint, in part, as explained in Part D.

> A. Rule 12(b)(1)

Defendants' first argument for the dismissal of plaintiff's federal claims is lack of jurisdiction under Rule 12(b)(1). In the context of such motions, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

Defendants' Rule 12(b)(1) argument raises the *Rooker-Feldman* doctrine, a concept that derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine precludes lower federal courts from hearing cases that effectively seek review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (*Rooker-Feldman* prohibits federal court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002).

The doctrine "is not limited to just those claims alleging that the state court judgment itself caused the federal plaintiff's injury; the doctrine also precludes federal jurisdiction over claims 'inextricably intertwined' with a state court determination." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir 2000) (quoting *Feldman,* 460 U.S. at 483-84 n.16). Notably, the *Rooker-Feldman* doctrine applies *even if* the state court

5

employed improper procedures. *GASH Assoc. v. Village of Rosemont,* 995 F.2d 726, 729 (1993) ("*Rooker–Feldman* . . . bar[s] . . . litigation . . . where the plaintiff's injury stem[s] from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless."). The pivotal inquiry in applying the doctrine is whether the federal plaintiff seeks to set aside a state court judgment or whether she is presenting an independent claim. *Remer,* 205 F.3d at 996.

The *Rooker-Feldman* doctrine clearly prohibits the court from presiding over the FHA claims against most of the defendants in this case because allegations that eviction-related proceedings were retaliatory and discriminatory are inextricably intertwined with the findings of the state court during eviction proceedings. In the eviction case, plaintiff's landlord prevailed, and plaintiff was ordered to pay damages in the amount of $5,500. (DE # 20-1.) This court cannot determine whether state court eviction proceedings were retaliatory and discriminatory without reviewing and potentially setting aside the state court eviction judgment against plaintiff, something *Rooker-Feldman* does not permit.

The Seventh Circuit has held that claims alleging discrimination and retaliation before or separate from the state-court suit are not barred by *Rooker-Feldman. Lyons v. Gene B. Glick Co., Inc.*, 844 F. App'x 866, 869 (7th Cir. 2021). The complaint, read in a light most favorable to plaintiff, could be construed as alleging that defendants CoC, Liggins, and Gillespie violated plaintiff's rights under the FHA in 2020, prior to the commencement of eviction proceedings. *See, e.g.*, DE # 1 at 5-6 ("CoC provided no housing search assistance, despite obligations. . . . CoC did not assist or attend

6

inspections . . . CoC ceased rental assistance August 2020 without written notice."). Accordingly, *Rooker-Feldman* does not bar plaintiff's FHA claims against CoC, Liggins, and Gillespie, insofar as she bases them on wrongdoing occurring in 2020.

### B.    Rule 12(b)(6)

Though plaintiff's FHA claims against CoC, Liggins, and Gillespie for conduct occurring in 2020 are not barred by Rule 12(b)(1) and the *Rooker-Feldman* doctrine, they still fail under Rule 12(b)(6), the Federal Rule of Civil Procedure that requires dismissal of allegations that fail to state a claim for relief. The standard for stating a claim for relief is contained in Rule 8: the pleading must contain, amongst other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Interpreting this requirement, the Supreme Court has explained that a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). As explained below, the complaint fails to meet this standard with respect to either a discrimination or a retaliation claim under the FHA.

*1. FHA Discrimination Claim*

The FHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). Even construing plaintiff's complaint liberally, the court cannot conclude that the current complaint states an FHA discrimination claim that satisfies Rule 8 and *Twombly*.

First, the complaint does not plausibly allege wrongful conduct by each of the defendants under Rule 8. At a high level of generality, plaintiff alleges that CoC, Liggins, and Gillespie provided lackluster support at the start of plaintiff's housing search. There are no allegations about Liggins, other than the fact that she is the director of CoC, and she cannot be sued for her supervisory role, alone. *Meyer v. Holley,* 537 U.S. 280 (2003). Plaintiff gets only slightly more specific with her allegations against Gillespie, pointing out his failure to attend walk-through inspections. (DE # 1 at 5.)

More critically, though, the court cannot plausibly infer that any connection exists between any of plaintiff's protected characteristics and any actions or failures by CoC, Liggins, or Gillespie. Plaintiff broadly and conclusively states that defendants discriminated against her because of her familial status, sex, and history with domestic violence.[3] But Rule 8 and *Twombly* require more; the complaint must include factual

---

[3] The FHA does not explicitly protect survivors of domestic violence from discrimination. *See* 42 U.S.C. § 3604.

8

allegations directly or indirectly connecting defendants' actions with a protected characteristic. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776–77 (7th Cir. 2022); *Bonds v. Hous. Auth. of Cook Cnty.*, No. 23-1097, 2023 WL 8184872, at *2 (7th Cir. Nov. 27, 2023) (affirming district court's conclusion that plaintiffs' generalized allegations could not permit a factfinder to plausibly infer that housing authority or landlords discriminated against plaintiffs based on their race). "It is not enough for the complaint to observe that federal law prohibits certain actions. There must be some *facts* that make the wrongful [action] contention plausible." *Kaminski,* 23 F.4th 776 (emphasis in original); *see Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (explaining that a plaintiff asserting a discrimination claim "cannot rely on . . . generalized allegations alone, however, but must combine them with facts particular to his case to survive a motion to dismiss"). Plaintiff's complaint must allow the court to "see a link" between defendants' actions and her contention that the actions were discriminatory. *Kaminski*, 23 F.4th at 777. It fails to do so.

    2.  *FHA Retaliation Claim*

To prove retaliation under the FHA, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two. *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018). Plaintiff asserts that CoC, Liggins, and Gillespie retaliated against her in violation of the FHA when it failed to provide housing search assistance, failed to assist or attend inspections, and ceased rental assistance August 2020 without written notice. (DE # 1 at 5-6.)

Plaintiff fails to adequately allege protected activity under Rule 8. She contends that "reporting violations . . . and fraud" constitutes protected activity. (DE # 1 at 10.) She further claims she reported broken doors, mold, leaks, and the like. (*See, e.g., id* at 6.) Plaintiff also states that she "reported . . . DV [domestic violence] issues." (*Id.* at 10.) It is not clear to what entity she reported any of these issues. In any event, reporting fraud or other wrongs unrelated to discriminatory housing practices does not qualify as protected activity under the FHA. *Riley v. City of Kokomo*, 909 F.3d 182, 192 (7th Cir. 2018); *Kummerow v. Ohawcha.org*, No. 21-CV-635-WMC, 2022 WL 873599, at *5 (W.D. Wis. Mar. 24, 2022) (complaints to HUD or the local housing authority about general conditions of an apartment or even mismanagement of the apartment complex are not considered related to unlawful discrimination). Further, plaintiff fails to allege facts from which the court might reasonably infer that there is a causal connection between the plaintiff's reports and the actions or inactions of CoC, Liggins, or Gillespie with respect to plaintiff's housing assistance case. Put simply, plaintiff fails to state a plausible retaliation claim under Rule 8 and *Twombly*.

### C.     **Supplemental Claims**

As explained above, plaintiff's complaint fails to state any federal cause of action. Principles of comity encourage courts to relinquish supplemental jurisdiction over state law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. Of Trs. of Hamilton Southeastern Sch. Corp.,* 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims

whenever all federal claims have been dismissed prior to trial."); 28 U.S.C. § 1367(c)(3). Accordingly, the court declines to exercise jurisdiction over the state claims in this case and dismisses them without prejudice.

    **D.**    **Amendment**

Plaintiff's complaint fails to state a claim and defendants' motions to dismiss must be granted. However, a district court should generally permit leave to amend after granting a motion to dismiss, unless an amendment would be futile or otherwise unwarranted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015); *Felton v. City of Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) ("[W]hen a plaintiff—especially a *pro se* plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend.").

In this case, plaintiff's FHA claims against all defendants (except her FHA claims against CoC, Liggins, and Gillespie for conduct occurring in 2020) suffer from jurisdictional deficiencies as articulated by the *Rooker-Feldman* doctrine. These deficiencies cannot be cured with any amendment. Accordingly, these claims are now dismissed without leave to replead.

However, the court will permit plaintiff an opportunity to amend her complaint with respect to her FHA allegations against CoC, Liggins, and Gillespie for actions allegedly occurring in 2020 prior to the initiation of eviction proceedings. If plaintiff wishes to continue with this case, she must file an amended complaint that is consistent with her prior allegations and cures the deficiencies described herein. Otherwise, the court will dismiss the claims without prejudice.

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motions to dismiss. (DE ## 19, 23.) All claims against all defendants except Continuum of Care Network of Northwest Indiana, Dr. Sharron Liggins, and William Gillespie are dismissed without prejudice. Plaintiff's amended complaint, if any, must be filed by March 26, 2026.

**SO ORDERED.**

Date: February 26, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT