UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TANESHA A. TURNER,

Plaintiff,

v.                                                      No. 2:25 CV 551

3526-28 E 9TH AVE TRUST, *et al.*,

Defendants.

## OPINION and ORDER

Plaintiff Tanesha A. Turner, proceeding *in forma pauperis* and without a lawyer, previously filed a thirteen-count complaint arising out of her 2020 receipt of housing assistance and the eviction proceedings that followed. (DE # 1.) On February 26, 2026, the court granted the defendants' motions to dismiss and permitted plaintiff a single, limited opportunity to amend her complaint to replead her claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3617, 3404(b), against Continuum of Care Network of Northwest Indiana ("CoC"), Dr. Sharron Liggins, and William Gillespie for conduct allegedly occurring in 2020, prior to the initiation of eviction proceedings. (DE # 28 at 11.)

Plaintiff filed an amended complaint asserting two counts—FHA discrimination under 42 U.S.C. § 3604(b) and FHA retaliation under 42 U.S.C. § 3617. (DE # 30.) Defendants have moved to dismiss under Rule 12(b)(6). (DE # 34.) Plaintiff did not respond. For the reasons set forth below, the motion is granted.

## I.    LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court need not credit legal conclusions or formulaic recitations of the elements of a claim. *Iqbal*, 556 U.S. at 678. While courts construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs still must provide enough facts to support a plausible claim for relief. *Twombly*, 550 U.S. at 555.

## II.    DISCUSSION

The amended complaint is properly confined to conduct that occurred in 2020. However, plaintiff's claims nevertheless fail for the same reasons the court identified in its prior order.

### A.  FHA Discrimination

The FHA prohibits discrimination in the provision of services in connection with a dwelling because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). In the amended complaint, plaintiff repleads her theory that she is part of a protected class because she is a survivor of domestic violence. As the court explained previously, status as a survivor of domestic violence is not a protected characteristic under the FHA. *United States v. Morrison*, 529 U.S. 598 (2000). Although plaintiff now emphasizes that she is female, she alleges no facts from which the court could infer that any act or omission by defendants occurred because of her sex, as

distinct from her status as a domestic violence survivor or from generalized dissatisfaction with the assistance she received. The complaint identifies no comparator, no differential treatment, and no other fact bridging the gap between defendants' conduct and a protected characteristic. A plaintiff "cannot rely on . . . generalized allegations alone" but "must combine them with facts particular to [her] case to survive a motion to dismiss." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 855 (7th Cir. 2019). Plaintiff's assertion that "the timing and circumstances support a reasonable inference of discrimination" (DE # 30 ¶ 50) is precisely the kind of conclusory allegation *Iqbal* instructs the court to disregard.

The claim against Dr. Liggins fails for the additional, independent reason that the amended complaint alleges nothing more than her supervisory role as CoC's Director. (DE # 30 ¶ 6.) As the court explained in its prior order, liability under the FHA does not attach on the basis of supervisory position alone. *Meyer v. Holley*, 537 U.S. 280, 290 (2003).

### B. FHA Retaliation

To state a retaliation claim, plaintiff must allege that she engaged in protected activity, suffered an adverse action, and that the two were causally connected. *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018). Protected activity means opposition to a discriminatory housing practice. *See Riley v. City of Kokomo*, 909 F.3d 182, 192 (7th Cir. 2018). Reporting habitability problems such as broken locks, rodents, and similar conditions is not opposition to discrimination, even where such

reports are entirely legitimate. *Riley*, 909 F.3d at 192; *Kummerow v. Ohawcha.org*, No. 21-CV-635, 2022 WL 873599, at *5 (W.D. Wis. Mar. 24, 2022). Plaintiff's effort to recharacterize those reports as "related to her domestic violence status" (DE # 30 ¶ 52) does not change their character.

Plaintiff also argues that provisions of the Violence Against Women Act ("VAWA"), 32 U.S.C. § 12491 were incorporated into the assistance contract she entered into with defendants. (DE # 30 ¶¶ 20A, 33A.) However, the incorporation of these provisions does not convert plaintiff's habitability complaints into FHA-protected activity. As the court has already held, VAWA affords no private right of action against these defendants. *Morrison*, 529 U.S. 598. Because plaintiff has not alleged protected activity, the claim fails.

### C. Leave to Amend

The court already afforded plaintiff one opportunity to amend the complaint, accompanied by a specific explanation of the deficiencies to be cured. The amended complaint does not cure them. At this point, plaintiff has had a fair opportunity to plead her best case and it is clear that the defects in plaintiff's complaint are legal rather than factual and cannot be cured by repleading. Thus, further amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Dismissal with prejudice is therefore appropriate. *Id.*[1]

---

[1] Defendant William Gillespie still has not been properly served. (DE # 37.) However, the court's decision in this case applies equally to Gillespie, as he is a similarly situated defendant. *Rosser v. Chrysler Corp.*, 864 F.2d 1299 (7th Cir. 1988).

### III.    CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion to dismiss (DE # 34).

Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**. All defendants are

now **TERMINATED**, and this case is **CLOSED**.

**SO ORDERED.**

Date: June 15, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT